[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Arthur Mulligan, alleged in his six count amended complaint, two counts of malicious prosecution and one count setting forth a federal civil rights claim pursuant to 42 U.S.C. § 1983 against two police officers; and, three counts setting forth statutory indemnity causes of action against the town by whom these officers were employed.
The plaintiff Arthur Mulligan had been employed by the Town of East Hartford as its Public Works Director when he was arrested and charged with violations of CT Page 8707 ordinances of the Town of East Hartford in connection with purchases of lubrication services from one Automatic Lubrication Services and with twelve counts of bribe receiving. The plaintiff was subsequently tried and acquitted of the criminal charges and the instant civil action followed.
The defendants have pled the special defense of qualified immunity and content that they are entitled to qualified immunity as a matter of law.
 The defense of qualified immunity is a well-settled doctrine that protects government officials from civil suits arising from the performance of their discretionary functions when that performance "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the `objective legal reasonableness' of the action. . . assessed in light of the legal rules that were `clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (citing Harlow, 457 U.S. at 818-19).
Cartier v. Lussier, 955 F.2d 841, 843 (2nd Cir. 1992).
"The Supreme Court has encouraged the use of summary judgment when qualified immunity is raised as a defense." Id at 844.
In the instant case, a motion for summary judgment was filed on November 9, 1989 by the defendants, and argued before Koletsky, J. The motion was denied on October 22, 1990 with no written decision. The case went to trial in December of 1991 before this court. At the conclusion of the plaintiff's case the defendants moved for a directed verdict claiming qualified immunity as a matter of law. This court reserved decision. At the conclusion of the presentation of the evidence, both parties resting, the defendants again moved for a directed verdict claiming qualified immunity as a matter of law. The arguments put forth were similar to those made earlier both in support of the 1989 motion for summary judgment and the motion for a directed verdict. CT Page 8708 The court reserved decision.
The jury came in on January 2, 1992 with a verdict in favor of the plaintiff on all counts. The defendants moved to set aside the verdict and for judgment notwithstanding the verdict. Submittal of briefs and supplemental briefs took place over a period of several months. The post judgment motions were argued to the court on June 17, 1992 with supplemental briefs in by June 29, 1992.
Between the time of the conclusion of the trial and argument of the post trial motions, the United States Court of Appeals for the Second Circuit decided Cartier. This decision was appended in its entirety to the defendants' April 26, 1992 brief. This court finds Cartier dispositive of the issue of qualified immunity and the defendants' claim that they are entitled to qualified immunity as a matter of law.
In Cartier, plaintiffs Cartier and Coates began a 1983 civil rights action against Paul D. Lussier, a Connecticut State trooper. The plaintiffs in that action alleged the defendant lacked probable cause to arrest them following the death of one Christopher Izzo who was present in an automobile with plaintiff Cartier when a fatal accident occurred. Coates witnessed the accident. Lussier moved for summary judgment dismissing the action asserting that qualified immunity barred suit against him and that he was entitled to judgment as a matter of law. The United States District Court for the District of Connecticut (Nevas, J.) found material issues of fact precluded the application of qualified immunity and denied his motion.
The Court of Appeals in Cartier opined that the district court believed the mantle of qualified immunity with which public officers are enveloped simply melts away in the heat of controverted facts. "We think rather the rule is when, as here, the factual disputes are immaterial to resolving the qualified immunity issue, its protective mantle remains undissolved." Cartier at 842. The Court of Appeals in Cartier found that the district court failed adequately to consider whether the factual disputes were material. "Plaintiffs may not unwrap a public officer's cloak of immunity from suit simply by alleging even meritorious factual disputes relating to probable cause when those controversies are nevertheless not material to the ultimate resolution of the immunity issue." Cartier at CT Page 8709 845.
The Court of Appeals in Cartier goes on to state that the objective reasonableness standard requires granting summary relief if the affidavit accompanying the warrant is sufficient, after correcting for material misstatements or omissions, to support a reasonable officer's belief that probable cause existed, citing its decision in Magnotti v. Kuntz, 918 F.2d 364 (2d Cir. 1990).
The Court of Appeals in Cartier stated that "after the affidavit has been corrected in a light most favorable to the plaintiffs, the district court should then have determined whether as a matter of law it did or did not support probable cause. . . . After performing this correcting process, if there remains an objective basis supporting probable cause, no constitutional violation of the plaintiffs' Fourth Amendment rights has occurred, the factual disputes are not material to the use of the qualified immunity defense, and summary judgment should be granted to the defendants," Cartier at 845.
Against the backdrop of the Cartier decision this court considers the instant case and what had already transpired before the commencement of the trial. We find the plaintiff Arthur Mulligan moved to dismiss the earlier criminal action against him. That motion was heard on February 3, 1986 by Judge Sabino Tamborra. A transcript of Judge Tamborra's decision is an I.D. exhibit in the instant civil case. In that motion the plaintiff claimed the affidavits contained material inaccuracies and omissions, which were the result of either deliberate falsehood or a reckless disregard for the truth. In connection with the motion the defendants' attorney filed affidavits containing his offers of proof, which satisfied Judge Tamborra that there was the threshold showing required under Franks v. Delaware, 438 U.S. 154 (1978), for the granting of an evidentiary hearing on the issue of the falsity of the affidavit submitted by the police with the arrest warrant applications. Following the evidentiary hearing Judge Tamborra found that each affidavit established sufficient cause for the issuance of the warrants and denied the motion to dismiss. The criminal trial followed before Judge Robert Hale and the charges were dismissed. The instant civil action was commenced.
In the instant case, the Franks hearing called for CT Page 8710 under the holding in Cartier, was in fact, the one held by Judge Tamborra on February 3, 1986. Even though Judge Tamborra's decision was among the exhibits appended to the defendants' 1989 motion for summary judgment and even though Judge Tamborra's decision was addressed by the defendants in their motion, the analysis put forth by the Cartier court was not available to the court (Koletsky, J.) in 1989 or to the parties at that time, since it was not decided until 1992. However, in light of Cartier and the fact that a Franks hearing was held after which probable cause was found, we conclude that the defendants are entitled to qualified immunity as a matter of law. Accordingly the defendants' motion for a directed verdict in favor of the defendants is granted as to count one, two, three, four, five and six. Judgment may enter for the defendants on all counts notwithstanding the verdict.
Mary R. Hennessey, Judge